## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 31 2017, 8:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEY FOR APPELLEE |
| --- | --- |
| Keith A. Foor, II | Nathan H. Blaske |
| Hebron, Indiana | Graydon Head & Ritchey LLP |
| | Cincinnati, Ohio |

# IN THE
# COURT OF APPEALS OF INDIANA

Keith A. Foor, II,

*Appellant-Defendant,*

v.

PennyMac Loan Services, LLC,

*Appellee-Plaintiff*

July 31, 2017

Court of Appeals Case No.
64A03-1701-MF-149

Appeal from the Porter Superior Court

The Honorable Mary R. Harper, Judge

Trial Court Cause No.
64D05-1601-MF-120

**Vaidik, Chief Judge.**

[1] PennyMac Loan Services, LLC filed a mortgage-foreclosure action against Keith Foor II and then moved for summary judgment on all issues (including on the counterclaims asserted by Foor). The trial court granted PennyMac's motion, and Foor appeals. Foor does not deny that he is in default for failing to

make mortgage payments. The only clear argument he raises on appeal is that PennyMac failed to prove that it is in possession of the original promissory note and that, therefore, it is not entitled to foreclose on the mortgage. We disagree. One of PennyMac's foreclosure-operations supervisors provided an affidavit in which she stated that "PennyMac has been in continuous possession and/or control of the original Note since prior to the filing of its Complaint in this case," Appellee's App. Vol. II p. 72, and that a copy of the note was attached as Exhibit A to the affidavit. Moreover, PennyMac's attorney brought with him to the summary-judgment hearing documents that he said were the original note and mortgage. The trial court personally inspected the documents and said, "I will tell you that the note and the mortgage that have been given to me today appear to have original signatures on them." Tr. p. 18. On appeal, Foor has not directed us to any designated evidence that might have created a genuine issue of material fact on that point, so we affirm the trial court's grant of summary judgment in favor of PennyMac. *See* Ind. Trial Rule 56(C).[1]

[2] Affirmed.

Bailey, J., and Robb, J., concur.

---

[1] Foor's opening and reply briefs refer to other aspects of the case, such as his counterclaims, the affidavit of PennyMac's foreclosure-operations supervisor, and discrepancies between certain documents relied upon by PennyMac. To the extent Foor was attempting to raise separate arguments relating to these issues, he has failed to develop them with cogent reasoning, citations to relevant legal authority, and/or citations to the record on appeal, as required by Indiana Appellate Rule 46(A)(8)(a). Therefore, any such arguments are waived. *Robinson v. State*, 5 N.E.3d 362, 365 n.6 (Ind. 2014).